347 P.2d 562

STATE of Utah, Plaintiff and Respondent,

v.

Danny GLISPY and James Hallam,
Defendants and Appellants.

No. 9116.

Supreme Court of Utah.

Dec. 14, 1959.

Cullen Y. Christenson, Provo, for appellants.

Walter L. Budge, Atty. Gen., Vernon B. Romney, Asst. Atty. Gen., for respondent.

WADE, Justice.

This is an appeal by Danny Glispy and James Hallam from convictions by a jury of rape.

They contend: (1) that the court committed prejudicial error in allowing the doctor who examined the prosecutrix, a 15-year-old girl, to testify that an examination showed that the girl's hymen had been recently torn and that the tears were fresh and still bleeding; and that a hymen which is intact normally indicates virginity. And (2) that the evidence was insufficient to sustain the verdicts.

1. State v. Scott, 55 Utah 553, 188 P. 860 and State v. Jameson, 103 Utah 129, 134 P. 2d 173.

There is no merit to either contention. It would serve no useful purpose to relate the sordid details. Suffice it to say that the record discloses there was ample evidence to sustain the jury's verdict and the court did not err in refusing to direct a verdict of not guilty. Neither did the court err in admitting the doctor's evidence because such evidence would be material as a surrounding circumstance of the crime and as having a tendency to prove that she was violated. State v. Scott and State v. Jameson [1] cited by appellants as authority for the proposition that it is immaterial and therefore error to admit evidence of chastity in prosecutions for rape do not so hold. The Scott case merely holds that it was not error to refuse to admit evidence of unchastity because it was irrelevant where the defense of the accused was that he at no time had sexual intercourse with the prosecutrix and the evidence was not offered for the purpose of impeaching the credibility of the prosecutrix. The Jameson case was one where the accused was charged with the crime of carnal knowledge, and the court's instruction that in such crime chastity or lack of it in the prosecutrix would be immaterial was held to be correct.

Affirmed.

CROCKETT, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.